UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 25-30191 |
| The Bellevue Hospital | : | Chapter 11 |
| | : | |
| Debtor. | : | Judge Mary Ann Whipple |

**MOTION TO SET BAR DATE FOR FILING PROOFS OF CLAIM**

The Bellevue Hospital, debtor and debtor in possession (the "Debtor"), moves the Court pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for the entry of an order establishing the deadline for creditors to file proofs of claim. Currently, no bar date has yet been set in this case. When the Debtor files its schedules, those schedules may indicate that the Debtor disputes certain creditor claims or that certain claim amounts are unknown as to the amount or claimant, therefore a proof of claim is required by some creditors under Bankruptcy Rule 3003(b)(1).

The Debtor seeks an order allowing sixty (60) days upon service of the order during which claims may be filed. A memorandum in support follows, and a proposed order is attached as Exhibit A.

Respectfully submitted,

 /s/ Richard K. Stovall
Thomas R. Allen       (0017513)
Richard K. Stovall    (0029978)
James A. Coutinho     (0082430)
Andrew D. Rebholz     (0102192)
Allen Stovall Neuman & Ashton LLP
10 West Broad Street, Suite 2400
Columbus, Ohio 43215
T: (614) 221-8500    F: (614) 221-5988
allen@asnalaw.com; stovall@asnalaw.com;
coutinho@asnalaw.com; rebholz@asnalaw.com
*Proposed Counsel for Debtor*

# MEMORANDUM IN SUPPORT

## I. JURISDICTION & BACKGROUND INFORMATION

1. This This Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334 and the General Order of Reference entered in this district.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

3. On February 5, 2025 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). The Debtor continues to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The factual background regarding the Debtor, including its business operations, its capital and debt structure, and the events leading to the filing of this chapter 11 case, is set forth in detail in the Declaration of Sara K. Brokaw (the "Brokaw Declaration") and the Declaration of Darrell M. Lentz (the "Lentz Declaration" and, along with the Brokaw Declaration, the "First Day Declarations"). The First Day Declarations are incorporated herein by reference.

## II. RELIEF REQUESTED

5. The Debtor will be filing its Schedules of Assets and Liabilities (the "Schedules"), within which the Debtor may identify various creditors whose claims have been marked as contingent, disputed, or unliquidated, or are unknown as to amount or as to the identity of the creditor. For those creditors so marked, the Schedules do not constitute *prima facie* evidence of the validity of the amount of those creditors' claims pursuant to Bankruptcy Rule 3003(b)(1). Therefore, those creditors will need to file proofs of claim.

6. No bar date was set when this case was filed. However, Bankruptcy Rule 3003(c)(3)

states that the Court "must set the time to file a proof of claim…and may, for cause, extend the time." Recognizing the importance of setting deadlines for submitting claims against a debtor, courts in this jurisdiction and others routinely approve relief similar to that requested in this motion. *See, e.g., In re Energy Harbor LLC, f/k/a FirstEnergy Solutions Corp.*, No. 18-50757 (AMK) (Bankr. N.D. Ohio Aug. 22, 2018) (setting claims bar date); *In re Murray Energy Holdings Co.*, No. 19-56885 (JEH) (Bankr. S.D. Ohio Jan. 9, 2020) (same).

7. The Debtor seeks an order establishing a deadline for the filing of proofs of claim. The Debtor seeks to have the deadline be sixty (60) days after service upon the creditors of any order granting this motion.

8. Moreover, although the Debtor does not foresee adding any additional creditors, the Debtor seeks to have the order permit any additional creditor added in the future to file claims within sixty days of receiving written notice of their addition to the Schedules. Such a provision in the order will prevent the Debtor from having to seek a new bar date if there are additional creditors identified in the future.

### III. CONCLUSION

Based on the foregoing, the Debtor respectively requests that the Court enter an order establishing a deadline by which creditors must file proofs of claim and granting any further relief the Court deems just and proper.

Respectfully submitted,

 /s/ Richard K. Stovall
Thomas R. Allen        (0017513)
Richard K. Stovall     (0029978)
James A. Coutinho      (0082430)
Andrew D. Rebholz      (0102192)
Allen Stovall Neuman & Ashton LLP
10 West Broad Street, Suite 2400
Columbus, Ohio 43215
T: (614) 221-8500    F: (614) 221-5988
allen@asnalaw.com; stovall@asnalaw.com;
coutinho@asnalaw.com; rebholz@asnalaw.com
*Proposed Counsel for Debtor*

## NOTICE OF MOTION TO SET BAR DATE FOR FILING PROOFS OF CLAIM

The Debtor has filed a motion seeking an order setting a bar date for creditors to file proofs of claim.

**Pursuant to Rule 9013-1(a) of the Local Rules of the United States Bankruptcy Court for the Northern District of Ohio, Western Division, this Notice is to all persons entitled to notice, that the respondent has fourteen (14) days, or such other time as fixed by Bankruptcy Rule or statute or as the Court may order, after service to file and serve a response or a request for a hearing, and that, if a response or request is not timely filed with the Court and served upon the movant, the Court may grant the relief requested in the motion without a hearing.**

## SERVICE OF MOTION

In conjunction with the filing of this motion, on February 14, 2025, I have requested service of the motion by the Debtor's Claims and Noticing Agent, Kroll Restructuring Administration, LLC, which will file a separate certificate of service.

    /s/ Richard K. Stovall
Richard K. Stovall    (0029978)

# EXHIBIT A
# PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 25-30191 |
|     The Bellevue Hospital | : | Chapter 11 |
| | : | |
|     Debtor. | : | Judge Mary Ann Whipple |

### ORDER GRANTING MOTION TO SET BAR DATE FOR FILING PROOFS OF CLAIM (DOC. ____)

This matter comes before the Court on the *Motion to Set Bar Date for Filing Proofs of Claim* (the "Motion") (Doc. ___), filed by The Bellevue Hospital, debtor and debtor in possession (the "Debtor"). Through the Motion and pursuant to Bankruptcy Rule[1] 3003(c)(3), the Debtor seeks an order establishing the deadline for proofs of claim to be filed. Specifically, the Debtor seeks to have the deadline set for sixty (60) days after service of this order.

Notice of the Motion has been given to the Debtor, the Office of the United States Trustee, the twenty largest unsecured creditors, Fifth Third Bank, First National Bank, the Debtor's

---

[1] Capitalized terms not defined herein shall be the same meaning as ascribed in the Motion.

members, and those other parties requesting notice. Notice of the Motion was adequate and no further notice need be given.

Upon review of the matters presented in the Motion and consideration of the matters presented at the hearing, the Court is satisfied that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors, and all other parties in interest. The legal and factual bases set forth in the Motion establish just cause for the relief granted here. The Court finds the Motion to be well-taken and it is approved.

It is therefore ORDERED as follows:

1. Within but no later than five (5) business days after the later of (i) the date the Debtor files its Schedules with this Court and (ii) entry of this order, the Debtor must serve a copy of this order upon all creditors and parties in interest in this case. The Debtor must file a certificate of service with the Court indicating service was completed.

2. All creditors and parties in interest will have sixty (60) days from the date of service of this order (as set forth in the above-referenced certificate of service) to file a proof of claim in this case.

3. Any creditor added to this case through future amendments to the Debtor's Schedules of Assets and Liabilities will have 60 days from notice of the amendment to file a proof of claim.

SO ORDERED.

SUBMITTED BY:

/s/ Richard K. Stovall
Thomas R. Allen     (0017513)
Richard K. Stovall   (0029978)
James A. Coutinho   (0082430)
Andrew D. Rebholz   (0102192)
Allen Stovall Neuman & Ashton LLP
10 West Broad Street, Suite 2400
Columbus, OH 43215
allen@asnalaw.com; stovall@asnalaw.com
coutinho@asnalaw.com; rebholz@asnalaw.com
*Proposed Counsel for Debtor*

Copies to be served pursuant to terms of order.